DECISION AND JUDGMENT ENTRY
Appellant Brian Foster appeals the sexual predator determination of the Washington County Common Pleas Court. He asserts the following assignment of error:
 The trial court erred in designating Appellant a sexual predator.
Finding no error, we affirm the trial court's judgment.
On February 9, 1994, appellant was found guilty by a jury of four counts of rape in violation of R.C. 2907.02(A)(1)(b), three counts of gross sexual imposition in violation of R.C.2907.05(A)(4), and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1). Appellant was sentenced to two consecutive life sentences, to be served consecutively to a five-and-one-half-year term of imprisonment.
At trial, appellant's niece testified that he raped her and touched her inappropriately many times from when she was eight years old until she was thirteen years old. Appellant threatened to kill her if she told anyone about the crimes. Appellant's nephew testified that appellant anally raped him and forced him to perform fellatio numerous times. He was in kindergarten when the incidents occurred. Appellant also threatened to kill his nephew if he told anyone about the crimes. During the trial, the court admitted appellant's confession to the crimes after it had denied a motion to suppress the confession. We affirmed appellant's convictions on direct appeal. State v. Foster (Dec. 22, 1994), Washington App. No. 94CA4, unreported.
The trial court conducted a sexual predator determination hearing following a recommendation by the department of rehabilitation and correction that appellant be adjudicated as a sexual predator. See R.C. 2950.09(C). Neither party offered witness testimony. The state asked the court to adjudicate appellant a sexual predator based on the files and records, the pre-sentence investigation, the evidence presented and the statutory factors. Appellant's attorney argued that appellant was not guilty of the offenses and should not be deemed a sexual predator.
The trial court found that the state proved, by clear and convincing evidence, that appellant is a sexual predator. In so finding, the court relied on the arguments presented, the files and records of the case, the pre-sentence investigation report and R.C. 2950.09(B), which delineates the factors the court must consider in making a sexual predator determination. Appellant timely appealed.
"Sexual predator" is defined as a person who (1) has been convicted of or pleaded guilty to committing a sexually-oriented offense and (2) is likely to engage in the future in one or more sexually-oriented offenses. R.C. 2950.01(E). Before a court may adjudicate an offender as a sexual predator, it must find each of these elements established by clear and convincing evidence. R.C. 2950.09(B)(3). "Clear and convincing evidence" is a measure or degree of proof that is "more than a mere `preponderance of the evidence,' but not to the extent of such certainty as * * * `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v.Schiebel (1990), 55 Ohio St.3d 71, 74, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
When reviewing whether "clear and convincing" evidence supports the trial court's decision, we must examine the record and ascertain whether enough evidence existed to meet this burden of proof. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368. This type of review is deferential to the trial court. We will not overturn a trial court's judgment as against the manifest weight of the evidence if the record contains competent, credible evidence supporting each essential element of the case.Schiebel, supra, 55 Ohio St.3d at 74-75; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
When determining whether an offender should be classified as a sexual predator, a court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). See R.C.2950.09(C)(2)(b); see, also, State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported (R.C. 2950.09[B][2] factors are designated to assist the court in making a sexual predator determination). The R.C. 2950.09(B)(2) factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
A court is under no obligation to "tally up" the R.C.2950.09(B)(2) factors in any particular fashion. State v.Mollohan (Aug. 20, 1999), Washington App. No. 98CA13, unreported. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. Meade, supra.
In this case, the court found that appellant has been convicted of a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The court relied on the following factors in determining that appellant is likely to engage in another sexual offense: (1) appellant's age at the time of offense; (2) appellant's prior criminal history; (3) the ages of the victims; (4) the nature and circumstances of the crimes; and (5) that a demonstrated pattern of abuse was shown.
Appellant submits that he was thirty-six at the time of the trial and had no history of sexually oriented offenses. He had prior convictions for theft, operating a motor vehicle while intoxicated, and other minor traffic offenses. Appellant argues that these prior convictions have no bearing on his likelihood to commit another sexual offense in the future.
"In determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley
(Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported, citing State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported. While appellant has no prior convictions of a violent nature, appellant's past conduct indicates a clear disregard for the law. More importantly, however, the trial court relied on the fact that the victims were of a young age, that the crimes occurred over a long period of time, and that the circumstances of the crime were particularly abominable. While appellant's age and past criminal history in and of themselves may not have been sufficient, in combination with these other factors the totality of the circumstances provides clear and convincing evidence that appellant is likely to commit a future sexually-oriented offense.
Appellant also argues that he should not be adjudicated a sexual predator as he denies his guilt in the underlying offenses. Appellant maintains that his confession was coerced and that he is attempting to challenge his convictions so the sexual predator adjudication is premature. As previously noted, appellant's direct appeal to this Court was denied. Likewise, appellant's motion for leave to file a delayed appeal to the Ohio Supreme Court was denied. State v. Foster (1997), 79 Ohio St.3d 1448. While he may appeal his convictions in the federal court system, appellant has cited no statutory requirement that the state delay the sexual predator determination until federal appeals are exhausted. Furthermore, appellant was found guilty by a jury. Therefore, the trial court properly found that appellant was convicted of a sexually oriented offense.
In summary, the record reveals competent, credible evidence to support the conclusion that appellant is a sexual predator. We therefore overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.